IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN T., Individually and a/n/f of C.I.T., a minor, | § § § § § | |
| Plaintiff, | | |
| v. | § § | Civil Action No. 3:19-CV-2599-K |
| DALLAS INDEPENDENT SCHOOL DISTRICT, JUAN ALMARAZ, and ELENA BATES, | § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Dallas Independent School District, Juan Almaraz, and Elena Bates' ("Defendants") Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim and, in the Alternative, Rule 12(e) Motion for a More Definite Statement ("Motion") (Doc. No. 4). For the following reasons, the Court **GRANTS** the Motion to Dismiss.

This case was originally filed in state court. Plaintiff filed his Original Petition and Application for Temporary Restraining Order ("TRO") on October 16, 2019. On October 22, the presiding state court judge granted Plaintiff's Application and issued the TRO which was set to expire on November 5. Defendants removed the case to this

ORDER – PAGE 1

Court on November 1 on the basis of federal question jurisdiction. Defendants then filed the instant motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6).

Plaintiff, who is represented by counsel, failed to timely respond to Defendants' Motion. The Court then ordered Plaintiff to file a response to Defendants' Motion by Tuesday, December 17, 2019. To date, Plaintiff has continued in his failure to file a response to Defendant's Motion. Since he has not responded to Defendants' Motion, the Court will assume that he is not opposed to the Court's granting Defendants' Motion to Dismiss. *See* L.R. 7.1(e) ("A response and brief to an *opposed* motion must be filed within 21 days from the date the motion is filed.")(emphasis added).

Furthermore, a careful review of Defendants' Motion, the relevant portions of record, and applicable law reveals that Plaintiff has no plausible claims against any of the Defendants. A well-pleaded complaint must allege facts upon which the claims are based and not be a conclusory recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must state sufficient facts such that the "claim has facial plausibility" and is not merely "possible." *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff pleads a claim with facial plausibility when the "factual content . . . allows the court to draw the reasonable inference that the defendant is liable." *Id.* The complaint must allege sufficient facts to "give the defendant fair notice" of plaintiff's claims against the defendant. *Twombly*, 550 U.S. at

555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The court "accept[s] all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiff." *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007) (per curiam). The court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). At this stage, the Court does not evaluate a plaintiff's likelihood of success, but only determines whether a plaintiff has stated a legally cognizable claim. *See U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

In their Motion, Defendants contend Plaintiff failed to adequately plead his claims against each of them for: (1) violation of 34 C.F.R. 10.3, specifically violations of C.I.T.'s "civil rights as guaranteed to him under the ADA and 34 C.F.R. 104 (which addresses Section 504 of the Rehabilitation Act); (2) procedural and substantive due process violations (although it is unclear from Plaintiff's Original Petition if he is actually asserting such claims); and (3) injunctive relief. The Court agrees with Defendants' arguments. Plaintiff has wholly failed to plead viable claims and/or facts supporting any of these claims. The Court finds that Defendants' Motion should be granted.

The Court **GRANTS** Defendants' Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim. Each of Plaintiff's claims against Defendants Dallas Independent School District, Juan Almaraz, and Elena Bates are hereby **dismissed without prejudice**.

**SO ORDERED.**

Signed December 20th, 2019.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE